(No. 2279—

HENRY W. AUSTIN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 13, 1937.*

Claimant, pro se.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

Claimant alleges in his complaint that on September 30th, 1933, about six o'clock P. M., he was driving his automobile in a northerly direction on S. B. I. Route No. 45, about one mile south of Frankfort, Illinois; that at that point certain repairs were then being made by the employees of the Division of Highways of the Respondent, who barricaded the highway by stretching a wire cable across the same; that said employees wholly failed and neglected to place a light or give other warning of the existence of such barricade to persons who were using the highway; that claimant was unable to see said barricade, and by reason of such fact, ran his automobile into the same, whereby it was materially damaged.

Claimant bases his claim upon the negligence of the servants and agents of the respondent in failing to give proper warning of the erection of the barricade in question.

The Attorney General has moved to dismiss the case on the ground that the State is not liable for the negligence of its servants and agents unde rthe doctrine of respondeat superior in the absence of a statute making it so liable.

We have repeatedly held that in the maintenance of its hard-surfaced highways, the State is engaged in a governmental function, and that in the exercise of such functions, it is not liable for the negligence of its servants and agents in the absence of a statute making it so liable. *George McCready, et al.* vs. *State,* No. 2604, decided at the September Term, 1935; *Lester A. Royal* vs. *State,* No. 2597, decided at the September Term, 1935; *Peter Tivnan* vs. *State,* No. 3051, decided at the May Term, 1937; *Cecil W. York* vs. *State,* No. 2701, decided at the May Term, 1937.

There is no statute authorizing an award under the facts set forth in the complaint, and the motion of the Attorney General must therefore be sustained.

Motion to dismiss allowed. Case dismissed.